A. G. Fus No.
0-4884



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles F. Hemphill
County Auditor
Upton County
Rankin, Texas

Dear Sir:

Opinion No. O-4884
Re: Under the facts stated
does the County Auditor
have the legal authority
to withhold the salaries
of certain county offi-
cials?

Your letter of September 23, 1942, requesting our opinion on the above stated question has been received and carefully considered by this department. We quote from your letter as follows:

"Please advise me what my lawful rights are in withholding salaries of our County Judge, County Clerk, County Attorney, Sheriff-Tax Assessor-Collector, Treasurer and the four County Commissioners due to the fact that I have alleged that these officials are indebted to the County on account of having illegally drawn too much salary or traveling expense or car allowance and in claiming certain unallowable personally paid expenses or Depreciation as a means of offsetting Excess Fees justly due the County.

"I have notified these officials that I cannot pay them as long as they are indebted to the County but that their lawful salaries will accrue as an offset to such indebtedness and that any unpaid amount remaining at the close

of their terms of office will be demanded of their Bondsmen.

"It is very urgent that I have something on this item soon as these officials contend that I am overstepping my authority. They claim that I do not have a right to presume that they are so indebted or that if they are I cannot withhold their salaries because they are on a Salary Basis. Your early reply will be greatly appreciated."

In consideration of the question propounded by you and of the proper answer to be made thereto by this department, we think that we should first direct your attention to the limitations placed upon the Attorney General by Article 4399, Vernon's Annotated Civil Statutes, wherein it is provided, insofar as County Auditors are concerned, that the Attorney General "shall give them written advice upon any question . . . . touching their official duties." It is not proper that this department shall advise conclusively upon controversial matters of fact.

Section 7 of Article 3912e provides:

"All monies drawn from said Officer's Salary Fund or funds shall be paid out only on warrants approved by the county auditor in counties having a county auditor; otherwise all claims against said fund shall first have been audited and approved by the Commissioners' Court of said county and the monies shall be disbursed on such approved claims by warrants drawn by the county treasurer on said fund.

"No warrant shall be drawn on said fund or funds in favor of any person indebted to the State, county, or to said fund or in favor of his agent, or assignee until such debt is paid."

Under the provisions of Section 7, Article 3912e, supra, it is apparent that "no warrant shall be drawn on said fund or funds in favor of any person indebted to the State,

Honorable Charles F. Hemphill, Page 3

county, or to said fund, or in favor of his agent or assignee until such debt is paid.

Under the facts presented, we assume that you, as county auditor in auditing the accounts of the various county officials named herein, have found and determined that such officials are indebted to the county and/or Officer's Salary Fund or funds. If this assumption is true, then it is your duty as county auditor under Section 7, Article 3912e, to refuse to approve the salary warrants of said county officials until said debt or debts are paid. In connection with the foregoing, we direct your attention to the case of Sherman, et al. vs. Hatcher, 299, S.W. 227, where a discussion of the purpose of a similar statute is found.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 9, 1942

By Ardell Williams

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:ff

